**E. J. LEE and Lee Boats, Inc., Plaintiffs-Appellees,**

v.

**VENICE WORK VESSELS, INC., et al., Defendants, Leander H. Perez, Jr., Defendant-Appellant.**

No. 74–3172.

United States Court of Appeals, Fifth Circuit.

April 25, 1975.

Rehearing and Rehearing En Banc Denied Aug. 18, 1975.

Sidney W. Provensal, Jr., New Orleans, La., for defendant-appellant.

William L. Crull, III, F. Irvin Dymond, New Orleans, La., for E. J. Lee.

Booth Kellough, New Orleans, La., John E. Bailey, William G. Duck, Houston, Tex., for Gulf Oil Corp.

Charles W. Lane, III, New Orleans, La., for Rebel Well Ser. Inc.

J. Barnwell Phelps, George W. Pigman, New Orleans, La., for Jump Corp.

K. J. Gilly, James K. Irvin, New Orleans, La., for J. Ray McDermott & Co.

Before WISDOM and DYER, Circuit Judges, and KRAFT [*], District Judge.

KRAFT, District Judge.

The question for determination in this case, before this Court on an interlocutory appeal [1] for which leave was granted, is whether a private cause of action for treble damages [2] under the antitrust laws survives against the heirs of an alleged wrongdoer, where the suit was instituted long after the decedent's death and after his estate had been administered and distributed among his heirs and the administrator of his estate had been released. We conclude it does not.

The United States instituted a civil antitrust action against a number of defendants, including Leander H. Perez, Sr. (Perez, Sr.) on November 6, 1967,

---

[*] Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

[1] 28 U.S.C. § 1292(b), Rule 5, Federal Rules of Appellate Procedure.

[2] 15 U.S.C. § 15.

asserting unlawful conduct on his part in 1965. Perez, Sr. died March 19, 1969. Letters of Administration on his estate were issued on April 24, 1969 to his son, Leander H. Perez, Jr. (Administrator). The suit by the United States against Perez, Sr. was dismissed on May 7, 1969, but continued against the remaining defendants. On November 24, 1971 the administration of the estate of Perez, Sr. was concluded, the heirs were put in possession and the Administrator was released. On April 10, 1972 the United States action against the remaining defendants was terminated by the entry of a final consent decree.

Appellees, on December 29, 1972, filed a private civil antitrust action for treble damages naming "Leander H. Perez, Jr. Administrator of the Estate of Leander H. Perez, Sr." as one of several defendants. Following a motion to dismiss on the ground that there was no longer an administrator in being, appellees, with leave of court, amended the complaint on December 31, 1973 by adding the four heirs, including Perez, Jr., as defendants. Upon the heirs' motion to dismiss the court below denied the motion of Perez, Jr. and withheld ruling on the motion of the other three heirs pending an evidentiary hearing. Perez, Jr., with requisite permission, has appealed.

Since the federal statute which created the appellees' right of action made no provision for abatement or survival, recourse must be had to the federal common law. Barnes Coal Corp. v. Retail Coal Merchants Ass'n (4 Cir. 1942), 128 F.2d 645, 648. It will be noted that 28 U.S.C. § 2404 provides that a civil action for damages by the United States shall not abate on the death of a defendant, but shall survive and be enforceable *against his estate.* No provision is made for survival or enforcement beyond that. The silence of Congress on abatement and survival of private civil antitrust actions cannot be reasonably construed to indicate an intent to extend to private antitrust plaintiffs a greater right, in respect of survival of the cause of action, than is accorded the United States.

This Court, in Rogers v. Douglas Tobacco Board of Trade (5 Cir. 1957), 244 F.2d 471 held that a private antitrust action survived against the personal representatives of a defendant who died after service of process upon him. Neither this decision nor 28 U.S.C. § 2404 affords any real guidance to the solution of the present problem, since the statute contemplates and the decision deals with the death of a defendant against whom an action is already pending.

No authority has been unearthed by the court below or by our own research or that of counsel for a private civil antitrust suit directly against the heirs of a decedent against whom and against the representative of whose estate no such action had been filed. We think this is of some significance, in light of the myriad cases which have considered questions of abatement and survival over more than two centuries.

We are mindful that "[t]he common law is not a static but a dynamic and growing thing. Its rules arise from the application of reason to the changing conditions of society. It inheres in the life of society, not in the decisions interpreting that life; and, while decisions are looked to as evidence of the rules, they are not to be construed as limitations upon the growth of the law but as landmarks evidencing its development." Barnes Coal Corp. v. Retail Coal Merchants Ass'n, supra (128 F.2d p. 648). Many of the cases in the development of survival of actions at the common law resulted from efforts to lessen or avoid the harsh and unjust effects of the abatement of a cause of action upon the death of the wrongdoer. In this context it may be fairly said, we think, that the quest has been for reasoned justice. This does not necessarily entail an unending expansion without concern for its consequences. Under existing law, the present case raises the question not of survival of the cause of action, but rather the extent and duration of that survival. Here, in an effort to achieve reasoned justice, we think it essential to weigh and balance the interests of the

appellees against those of the heirs whom the appellees now seek to hold accountable.

We are not persuaded by appellees' argument that it would be inherently unfair to deny them the right to sue the heirs of Perez, Sr., since it was the appellees' own inaction which caused their present problem. Appellees may well have confused the effect of the suspension of the statute of limitations[3] during the pendency of and for one year after the termination of the suit by the United States with the survivability of their cause of action. They urge, without warrant, that the suspension of the limitations' statute enabled them to remain inactive with impunity, so long as their suit was brought before its expiration. The suspension provision does not necessarily achieve that result. It only extends the time during which suit may be brought against the alleged wrongdoer or against those as to whom, upon his death, the cause of action survived under the federal common law.

The appellees were aware both of the suit by the United States and of the death of Perez, Sr. Though the four year statute of limitations was tolled until and for one year after the entry of the final consent decree against the surviving defendants on April 10, 1972, nothing precluded appellees from instituting their action against Perez, Sr. before his death or, thereafter, against the Administrator during the administration of his estate, which began April 24, 1969 and ended November 24, 1971. Appellees filed no claim in the administration of the estate nor did they oppose the release of the Administrator. Their suit against the Administrator some thirteen months after his release indicates the degree of appellees' inattention and their unwarranted assumption that the administration of the estate was still in progress, though a simple search of the appropriate state court record would have disclosed otherwise. Appellees' persistent failure to exercise their claimed rights despite ample opportunity justifies neither their claim of inherent unfairness nor warrants an extension of the survival of their cause of action beyond the Administrator to the heirs.

In contrast, appellees now seek to call upon the heirs to prepare for and defend against a claim that Perez, Sr., from 1965 until his death in May, 1969, conspired with others to restrain interstate trade and commerce and to establish a monopoly, though the heirs are not alleged to have participated in the alleged unlawful conduct. Unless the heirs were disposed to permit the evidence of appellees to go unchallenged, they must, of necessity and long after the events complained of, seek to discover and establish acts and statements of Perez, Sr., now dead six years, which tend to or do disprove or affirm allegations of the participation of Perez, Sr. in the asserted conspiracy.

Had Perez, Sr. been sued or had the Administrator been sued before the completion of the administration of the estate and his discharge the assets of the estate, undiminished by federal estate taxes or by state inheritance or death taxes, would have been available in the event of recovery of damages by the appellees. Now, the net assets of the estate, necessarily smaller in amount, have been distributed. If appellees' cause of action were to be held to survive against the heirs, could each heir be held liable only to the extent of that heir's net inheritance; or, if not, to what extent? Could the heirs be held liable jointly or severally? If the heirs' respective inheritances have been commingled with their own assets in such fashion as to make identification of the inheritance impossible or if such inheritances shall have been wholly or partially expended or encumbered or diminished in value by events or the passage of time, to what degree could each heir be called upon to respond to any recovery? These self-evident problems, and others, difficult of just solution, which would be created by extending survival of the cause of action beyond the Administrator to the heirs

---

3. 15 U.S.C. § 16(b).

reminds us, somehow, of the fabled end of "Humpty-Dumpty".[4] All could have been avoided by appellees' attention to the exercise of their rights. All furnish, we think, sound reason for holding that the survival of appellees' cause of action terminated upon the distribution of the estate to the heirs and the release of the Administrator. Any different conclusion would not be reasoned justice to the heirs.

Accordingly, we determine that the appellees' cause of action was improperly asserted against the heirs of Perez, Sr. and reverse the order of the court below, with directions to grant the motion for dismissal by the defendant, Leander H. Perez, Jr. and to act upon the motions of Chalin O. Perez, Joyce Perez Gelpi and Betty Perez Carrere consistently with this opinion.

Reversed and remanded.

4. "Humpty-Dumpty sat on a wall
Humpty-Dumpty had a great fall
All the King's horses

And all the King's men
Couldn't put Humpty-Dumpty
together again."